1  Matthew T. Theriault (SBN 244037)
   Matthew.Theriault@CapstoneLawyers.com
2  Robert J. Drexler, Jr. (SBN 119119)
   Robert.Drexler@CapstoneLawyers.com
3  Bevin Allen Pike (SBN 221936)
   Bevin.Pike@CapstoneLawyers.com
4  Jonathan Lee (SBN 267146)
   Jonathan.Lee@CapstoneLawyers.com
5  Capstone Law APC
   1875 Century Park East, Suite 1000
6  Los Angeles, California 90067
   Telephone:  (310) 556-4811
7  Facsimile:  (310) 943-0396

8

9  Attorneys for Plaintiff Kia Davidson

10         **UNITED STATES DISTRICT COURT**

11      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  KIA DAVIDSON, individually, and       Case No.: 5:17-cv-603
    on behalf of other members of the
14  general public similarly situated,     **CLASS ACTION COMPLAINT**

15              Plaintiff,                  (1) Violation of California Labor Code
                                               §§ 226.7 and 1198 (Failure to
16         vs.                                 Provide Rest Periods);
                                           (2) Violation of California Labor Code
17  O'REILLY AUTO ENTERPRISES,                §§ 226(a), 1174(d), and 1198 (Non-
    LLC, a Delaware corporation;              Compliant Wage Statements and
18  O'REILLY AUTO PARTS, a                    Failure to Maintain Payroll Records);
    business entity of unknown form;       (3) Violation of California Business &
19  CSK AUTO, INC., an Arizona                Professions Code §§ 17200, *et seq.*
    corporation; CSK AUTO PARTS, a           (Unlawful Business Practices); and
20  business entity of unknown form,       (4) Violation of California Business &
                                               Professions Code §§ 17200, *et seq.*
21              Defendants.                    (Unfair Business Practices).

22                                         **Jury Trial Demanded**

23

24

25

26

27

28

Plaintiff Kia Davidson ("Plaintiff"), as individual, and on behalf of all other members of the public similarly situated, alleges as follows against O'REILLY AUTO ENTERPRISES, LLC, O'REILLY AUTO PARTS, CSK AUTO, INC., and CSK AUTO PARTS:

**INTRODUCTION**

1.     This is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants whom received at least one wage statement from Defendants.

2.     Defendants operate a national chain of retail stores in California selling automotive parts.

3.     As set forth more fully below, Defendants have violated various sections of the California Labor Code and applicable Industrial Welfare Commission Wage Order including, but not limited to, sections mandating the provision of rest breaks and accurate wage statements to employees.

**JURISDICTION AND VENUE**

4.     This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331-1332.  Plaintiff alleges, on information and belief, that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the proposed class is greater than one-thousand (1000) members, and that any one plaintiff is a citizen of a state different from that of any defendant. See Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005). The Court maintains supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and

1  (b) because Defendants maintain offices, have agents and are licensed to and do

2  transact business in this district.

### THE PARTIES

4  6.  Plaintiff Kia Davidson is a resident of Apple Valley, California in

5  the County of San Bernardino.  Defendants have jointly employed Plaintiff as an

6  hourly-paid, non-exempt Delivery Driver since June 2016.  Plaintiff works full-

7  time for Defendants at their O'REILLY store location in San Bernardino,

8  California.  Plaintiff typically works six (6) to eight (8) hours per day, five (5)

9  days per week, and approximately 30-40 hours per week.  Plaintiff earns $10.92

10  per hour.  Plaintiff's job duties include, without limitation, operating the cash

11  register, stocking the store, locating parts for customers, merchandising,

12  delivering parts and pulling parts.  The majority of Plaintiff's job duties are

13  performed in-store; she spends about 10% of her average workweek driving to

14  deliver parts.

15  7.  Defendant O'REILLY AUTO ENTERPRISES, LLC is, on

16  information and belief, a Delaware corporation doing business in California,

17  with its principal place of business in Springfield, Missouri, and at all times

18  hereinafter mentioned, an employer whose employees are engaged throughout

19  this county, the State of California, and/or the various states of the United States

20  of America.

21  8.  Defendant O'REILLY AUTO PARTS is, on information and belief,

22  a business entity of unknown form, believed to be doing business in California,

23  with its principal place of business in in Springfield, Missouri, and at all times

24  hereinafter mentioned, an employer whose employees are engaged throughout

25  this county, the State of California, and/or the various states of the United States

26  of America.

27  9.  Defendant CSK AUTO PARTS is, on information and belief, a

28  business entity of unknown form, believed to be doing business in California,

CLASS ACTION COMPLAINT

1  with its principal place of business in in Springfield, Missouri, and at all times

2  hereinafter mentioned, an employer whose employees are engaged throughout

3  this county, the State of California, and/or the various states of the United States

4  of America.

5       10.    Defendant CSK AUTO, INC. is, on information and belief, an

6  Arizona corporation doing business in California, with its principal place of

7  business in Springfield, Missouri, and at all times hereinafter mentioned, an

8  employer whose employees are engaged throughout this county, the State of

9  California, and/or the various states of the United States of America.

10       11.    Plaintiff is informed and believes, and thereon alleges, that each and

11  all of the acts and omissions alleged herein was performed by, or is attributable

12  to, O'REILLY AUTO ENTERPRISES, LLC, O'REILLY AUTO PARTS, CSK

13  AUTO PARTS, and/or CSK AUTO, INC., (collectively "Defendants" or

14  "O'REILLY"), each acting as the agent for the other, with legal authority to act

15  on the other's behalf.  The acts of any and all Defendants represent and were in

16  accordance with Defendants' official policy.

17       12.    At all relevant times, Defendants, and each of them, ratified each

18  and every act or omission complained of herein.  At all relevant times,

19  Defendants, and each of them, aided and abetted the acts and omissions of each

20  and all the other Defendants in proximately causing the damages herein alleged.

21       13.    Plaintiff is informed and believes, and thereon alleges, that each of

22  said Defendants is in some manner intentionally, negligently, or otherwise

23  responsible for the acts, omissions, occurrences, and transactions alleged herein.

24       14.    Under California law, Defendants are jointly and severally liable as

25  employers for the violations alleged herein because they have each exercised

26  sufficient control over the wages, hours, working conditions, and employment

27  status of Plaintiff and class members.  Each Defendant had the power to hire and

28  fire Plaintiff and class members, supervised and controlled their work schedule

and/or conditions of employment, determined their rate of pay, and maintained their employment records. Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common law employment relationship. As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

15.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

(a)     jointly exercised meaningful control over the work performed by Plaintiff and class members;

(b)     jointly exercised meaningful control over Plaintiff and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

(c)     jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

(d)     jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determine their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification

under Rule 23 of the Federal Rules of Civil Procedure.

17.   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

18.   Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as a non-exempt, hourly-paid employee in California within four years prior to the filing of this complaint until the date of trial ("Class").

19.   Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as a non-exempt, hourly-paid employee in California and received at least one wage statement within one year prior to the filing of this complaint until the date of trial ("Subclass").

20.   Members of the Class and Subclass are referred to herein as "class members."

21.   Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

22.   This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

23.   The exact number of class members is presently unknown, but on information and belief there are thousands of class members working for Defendants across California, thus it is reasonable to presume that the members of the class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

24.   Plaintiff's claims are typical of those of the class members because Plaintiff suffered the violations set forth in this complaint.

25.    Plaintiff will adequately protect the interests of class members. Plaintiff has no interests that are adverse to or conflict with class members and are committed to the vigorous prosecution of this action.  To that end, Plaintiff has retained counsel who are competent and experienced in handling class actions on behalf of employees.

26.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the California Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this case as a class action

27.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

        (a)    Whether Defendants failed to provide Plaintiff and class members with rest periods;

        (b)    Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

        (c)    Whether Defendants failed to timely pay rest period premiums to Plaintiff and class members during their employment;

        (d)    Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

        (e)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California

law.

28.   Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

## GENERAL ALLEGATIONS

29.   Defendants own and operate a national chain of retail stores specializing in the sale of automotive parts.  Defendants operate approximately 4,800 retail stores throughout the United States with around 71,000 employees nationwide.  Within California, Defendants are estimated to own or run 523 locations and employ over 6000 persons.

30.   According to Defendants' website, Defendants maintain their company headquarters in Springfield, Missouri.  Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters, which is responsible for conducting Defendants' recruiting and hiring of new employees, collecting and processing all new hire paperwork, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and rest break policies, to employees throughout California.

31.   Upon information and belief, Plaintiff and class members suffered the same rest break violations arising out of Defendants' maintenance and implementation of facially non-compliant rest break policy.

32.   Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Springfield, Missouri which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations in California, including Plaintiff and class members.  Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work location.  Accordingly, Plaintiff believes

1   that all class members throughout California were affected by Defendants'

2   noncompliance with wage statement reporting requirements.

3       33.    Defendants continue to employ non-exempt, hourly-paid employees

4   throughout California.

5       34.    Plaintiff is informed and believes, and thereon alleges, that at all

6   times herein mentioned, Defendants were advised by skilled lawyers and other

7   professionals, employees and advisors knowledgeable about California labor and

8   wage law, employment and personnel practices, and about the requirements of

9   California law.

10      35.    Plaintiff is informed and believes, and thereon alleges, that

11  Defendants knew or should have known that Plaintiff and class members were

12  entitled to rest periods in accordance with the Labor Code and applicable IWC

13  Wage Order or payment of one (1) additional hour of pay at their regular rates

14  when they were not provided with a compliant rest period and that Plaintiff and

15  class members were not provided compliant rest periods or payment of one (1)

16  additional hour of pay at their regular rates when they were not provided a

17  compliant rest period.

18      36.    Plaintiff is informed and believes, and thereon alleges, that

19  Defendants knew or should have known that Plaintiff and class members were

20  entitled to receive complete and accurate wage statements in accordance with

21  California law.  In violation of the California Labor Code, Defendants did not

22  provide Plaintiff and class members with complete and accurate wage

23  statements.

24      37.    Plaintiff is informed and believes, and thereon alleges, that

25  Defendants knew or should have known that they had a duty to maintain accurate

26  and complete payroll records in accordance with the Labor Code and applicable

27  IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

28      38.    Plaintiff is informed and believes, and thereon alleges, that

CLASS ACTION COMPLAINT

1    Defendants knew or should have known that Plaintiff and class members were

2    entitled to timely payment of wages during their employment.  In violation of the

3    California Labor Code, Defendants did not pay Plaintiff and class members all

4    wages, including, but not limited to, rest period premium wages within

5    permissible time periods.

6        39.    Plaintiff are informed and believes, and thereon alleges, that at all

7    times herein mentioned, Defendants knew or should have known that they had a

8    duty to compensate Plaintiff and class members for all hours worked, and that

9    Defendants had the financial ability to pay such compensation but willfully,

10   knowingly, and intentionally failed to do so, and falsely represented to Plaintiff

11   and class members that they were properly denied wages, all in order to increase

12   Defendants' profits.

### FIRST CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7 and 1198—Rest Break Violations**

**(Against all Defendants)**

17       40.    Plaintiff incorporates by reference and re-alleges as if fully stated

18   herein each and every allegation set forth above.

19       41.    At all relevant times, the applicable IWC Wage Order and

20   California Labor Code sections 226.7 and 1198 were applicable to Plaintiff and

21   class members employed by Defendants.

22       42.    At all relevant times, the applicable IWC Wage Order provides that

23   "[e]very employer shall authorize and permit all employees to take rest periods,

24   which insofar as practicable shall be in the middle of each work period" and that

25   the "rest period time shall be based on the total hours worked daily at the rate of

26   ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless

27   the total daily work time is less than three and one-half (3½) hours.

28       43.    At all relevant times, California Labor Code section 226.7 provides

1   that no employer shall require an employee to work during any rest period

2   mandated by an applicable order of the California IWC.

3       44.    To comply with its obligation to provide rest periods under

4   California Labor Code section 226.7 and the applicable IWC Wage Order, an

5   employer must "relinquish any control over how employees spend their break

6   time, and relieve their employees of all duties — including the obligation that an

7   employee remain on call.  A rest period, in short, must be a period of rest."

8   *Augustus, et al. v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).

9       45.    During the relevant time period, Defendants failed to authorize and

10  permit Plaintiff and class members to take ten (10) minute rest periods per each

11  four (4) hour period worked or major fraction thereof in violation of Labor Code

12  section 226.7 and the applicable IWC Wage Order.

13      46.    During the relevant time period, Defendants maintained and

14  implemented, on a company-wide basis, labor budget policies that resulted in

15  understaffing of stores.  On information and belief, Defendants allocated labor to

16  stores based on each store's sales generation figures, without taking into

17  consideration the provision of adequate rest break coverage for employees.  As a

18  result of Defendants' utilization of labor budgets and resultant company-wide

19  understaffing, Plaintiff and class members were prevented from being relieved of

20  all duties to take compliant rest periods.

21      47.    Compounding Defendants systematic understaffing of stores,

22  Defendants also had no policy and/or practice of scheduling rest periods for

23  employees, which further impeded and prevented Plaintiff and class members

24  from taking rest periods.  As a result of Defendants' understaffing and failure to

25  schedule rest periods , Plaintiff and class members worked shifts in excess of 3.5

26  hours, in excess of 6 hours, and in excess of 10 hours without receiving all

27  uninterrupted ten (10) minute rest periods to which they were entitled.  For

28  example, throughout her employment, Plaintiff regularly has not received any

1  rest periods during her shifts.

2      48.   Upon information and belief, Defendants failed to schedule rest

3  breaks in accordance with California law, specifically, by failing to schedule

4  second and third rest periods for shifts 6 to 10 hours in length or shifts 10 to 14

5  hours in length, respectively.  Plaintiff regularly works shifts in excess of six (6)

6  hours and does not receive the two (2) rest periods she was entitled to during her

7  shift.

8      49.   At all relevant times, Defendants' limited allocation of labor hours,

9  failure to schedule rest breaks, and maintenance of a facially non-compliant rest

10 break policy, prevented Plaintiff and class members from being relieved of all

11 duty in order to take compliant rest periods.  Defendants' management did not

12 inform Plaintiff and class members about the rest breaks to which they were

13 entitled during their workdays.  The only time Plaintiff was made aware of her

14 right to a rest break was at her interview with Defendants before she started

15 working for Defendants.  In practice, however, rest breaks were non-existent.

16     50.   At the same time, Defendants have implemented a company-wide

17 policy to not pay rest period premiums and Plaintiff has not been paid any rest

18 break premiums for missed rest breaks.  Alternatively, to the extent that

19 Defendants did pay Plaintiff and class members one (1) additional hour of

20 premium pay for missed rest periods, Defendants did not pay Plaintiff and class

21 members at the correct rate of pay for premium wages because Defendants failed

22 to include all forms of compensation, such as commissions, incentive pay and/or

23 nondiscretionary bonuses, in the regular rate of pay.  Specifically, Defendants

24 pay Plaintiff and class members non-discretionary bonus and/or incentive pay

25 each month calculated as a percentage of their respective store's sales

26 performance.  Plaintiff typically receives around $50.00 per month as a result of

27 Defendants' bonus/incentive plan, but upon information and belief, Defendants

28 do not include this bonus pay in Plaintiff's and other class members' regular rate

of pay.  As a result, to the extent Defendants paid Plaintiff and class members premium pay for missed rest periods, it did so at a lower rate than required by law.

51.    Accordingly, Defendants failed to provide Plaintiff and class members rest periods and failed to pay rest period premiums due, in violation of Labor Code sections 226.7 and 1198 and the applicable IWC Wage Order. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided.

### SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198 – Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

52.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

53.    At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

54.    Labor Code section 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wages statements as set forth in 226(a), then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000.  Further, Labor Code section 226.3 provides that any employer

who violates section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to Section 226(a).

55.   At all relevant times herein, Defendants knowingly and intentionally provided Plaintiff and, for greater than three years, class members with uniform, but incomplete and inaccurate wage statements that failed to comply Labor Code sections 226(a)(1), 226(a)(2), 226(a)(5), 226(a)(8), and 226(a)(9).  Because Defendants failed to pay rest period premiums, and thereby failed to include rest period premium wages in Plaintiff's and class members' regular rate of pay for purposes of paying overtime,  the gross wages and net wages listed on Plaintiff and class members' wage statements were incorrect in violation of Labor Code sections 226(a)(1) and 226(a)(5).  And, because Defendants did not include rest period premiums in Plaintiff's and class members' regular rate of pay for purposes of paying overtime, Defendants failed to furnish wage statements to Plaintiff and class members containing all correct applicable hourly rates of pay, namely the overtime rates of pay, in violation of section 226(a)(9).

56.   Defendants' failure to pay rest period premiums also resulted in an inaccurate calculation of the employees' regular rate of pay when overtime was either earned or paid because such amounts were not included.  Thus, the wage statements were furnished with inaccurate hourly rates, and especially the overtime rate when overtime wages were due, in violation of section 226(a)(9).

57.   Separate from these violations, Defendants issued uniform wage statements to Plaintiff and class members that fail to list the correct name and address of the legal entity of the actual employer in violation of Labor Code section 226(a)(8).

58.   Additionally, Plaintiff's and class members' wage statements

identify an address of "PO BOX 1156, SPRINGFIELD, MO 65801," which is not the address of the legal entity that employs Plaintiff and other class members. One or more of the entities listed above are incorporated in Delaware and Arizona, and the headquarters for one or more of them appear to be "233 South Patterson Avenue, Springfield, MO 65802-2298."

59.    California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…" During the relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and class members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

60.    Because Defendants failed to provide gross wages earned, net wages earned and correct overtime rates of pay on wage statements (as a result of not paying rest period premiums and including such in regular rates of pay), and because Defendants failed to provide Plaintiff and class members with accurate and clear information regarding the employer name and address, Plaintiff and class members have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full were given incorrect and/or confusing information with which to contact their employer.  Instead, Plaintiff and class members have had to look to sources outside of the wage statements themselves and reconstruct time records to determine the extent of underpayment and have suffered confusion in trying to determine the name and contact information for their true employer, thereby

causing them injury.

61.    Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

## THIRD CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* – Unlawful Business Practices
### (Against all Defendants)

62.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

63.    Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

64.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

65.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

66.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)    Failing to provide uninterrupted rest periods to Plaintiff and

class members in violation of California Labor Code sections 226.7, 1198, and the applicable IWC Order, as alleged herein;

(b)    Failing to provide Plaintiff and class members with accurate wage statements in violation of California Labor Code sections 226(a), 1198, and the applicable IWC Order, as alleged herein; and

(c)    Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable IWC Order, as set forth below.

67.    At all relevant times herein set forth, California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.  Labor Code section 204 further provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

68.    At all relevant times herein, California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all relevant times herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

69.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due to them within any time period specified by California Labor Code section 204 including, but not limited to, rest

period premium wages.

70.     As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

71.     Pursuant to California Business & Professions Code sections 17200 *et seq*., Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## FOURTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq*. –

### Unfair Business Practices

### (Against all Defendants)

72.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

73.     Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

74.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

75.      Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members rest period premium

wages due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7. The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

76.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice. In the instant case, Defendants' policies and practices have violated the spirit of California's rest break laws and constitute acts against the public policy behind these laws.

77.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, and attorneys' fees in excess

of twenty-five thousand dollars ($25,000), exclusive of interest and costs.
Plaintiff reserves the right to amend her prayer for relief to seek a different
amount.

## Class Certification

2.      That this case be certified as a class action;

3.      That Plaintiff be appointed as representative of the Class and
subclass;

4.      That counsel for Plaintiff be appointed as class counsel.

### As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendants violated
California Labor Code sections 226.7 and 1198 and applicable IWC Wage
Orders by willfully failing to provide all rest periods to Plaintiff and class
members;

6.      That the Court make an award to the Plaintiff and class members of
one (1) hour of pay at each employee's regular rate of pay for each workday that
a rest period was not provided;

7.      For all actual, consequential, and incidental losses and damages,
according to proof;

8.      For premiums pursuant to California Labor Code section 226.7(b);

9.      For pre-judgment interest on any unpaid rest period premiums from
the date such amounts were due, or as otherwise provided by law; and

10.     For such other and further relief as the Court may deem equitable
and appropriate.

### As to the Second Cause of Action

11.     That the Court declare, adjudge and decree that Defendants violated
the recordkeeping provisions of California Labor Code section 226(a) and
applicable IWC Wage Orders as to Plaintiff and class members, and willfully
failed to provide accurate itemized wage statements thereto;

CLASS ACTION COMPLAINT

12.     For all actual, consequential and incidental losses and damages, according to proof;

13.     For statutory penalties pursuant to California Labor Code section 226(e); and

14.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

15.     That the Court declare, adjudge and decree that Defendants conduct of failing to provide Plaintiff and class members rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, and failing to timely pay all earned wages during employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq*;

16.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

17.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

18.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

19.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

20.     That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

21.     For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

22.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

23.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

24.     For pre-judgment and post-judgment interest as provided by law; and

25.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: March 29, 2017                    Respectfully submitted,

Capstone Law APC

By:

Matthew T. Theriault
Robert J. Drexler
Bevin Allen Pike
Jonathan Lee

Attorneys for Plaintiff Kia Davidson