Matthew T. Theriault (SBN 244037)
Matthew.Theriault@CapstoneLawyers.com
Robert J. Drexler, Jr. (SBN 119119)
Robert.Drexler@CapstoneLawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@CapstoneLawyers.com
Natalie Torbati (SBN 301663)
Natalie. Torbati@CapstoneLawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff Kia Davidson

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIA DAVIDSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Delaware corporation;,<br><br>Defendant. | Case No.: 5:17-cv-00603<br><br>**STIPULATED PROTECTIVE ORDER** |

1    A. PURPOSES AND LIMITATIONS

2    Disclosure and discovery in this action is likely to involve production of

3    confidential, proprietary or private information for which special protection from

4    public disclosure and from use for any purpose other than prosecuting this

5    litigation may be warranted. Accordingly, the parties to this case, KIA

6    DAVIDSON and O'REILLY AUTO ENTERPRISES, LLC (the "Parties"),

7    hereby stipulate to and petition the Court to enter the following Stipulated

8    Protective Order. The parties acknowledge that this Order does not confer blanket

9    protections on all disclosures, documents, or responses to discovery and that the

10   protection it affords from public disclosure and use extends only to the limited

11   information or items that are entitled to confidential treatment under the applicable

12   legal principles.

13   B. GOOD CAUSE STATEMENT

14   This action is likely to involve trade secrets and other valuable research,

15   development, commercial, financial, technical and/or proprietary information for

16   which special protection from public disclosure and from use for any purpose

17   other than prosecution of this action is warranted. Such confidential and

18   proprietary materials and information consist of, among other things, confidential

19   business or financial information, information regarding confidential business

20   practices, or other confidential research, development, or commercial information

21   (including information implicating privacy rights of third parties), information

22   otherwise generally unavailable to the public, or which may be privileged or

23   otherwise protected from disclosure under state or federal statutes, court rules,

24   case decisions, or common law. Accordingly, to expedite the flow of information,

25   to facilitate the prompt resolution of disputes over confidentiality of discovery

26   materials, to adequately protect information the parties are entitled to keep

27   confidential, to ensure that the parties are permitted reasonable necessary uses of

28   such material in preparation for and in the conduct of trial, to address their

1 handling at the end of the litigation, and serve the ends of justice, a protective

2 order for such information is justified in this matter. It is the intent of the parties

3 that information will not be designated as confidential for tactical reasons and that

4 nothing be so designated without a good faith belief that it has been maintained in

5 a confidential, non-public manner, and there is good cause why it should not be

6 part of the public record of this case.

7      C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

8 SEAL

9      The parties further acknowledge, as set forth in Section 12.3, below, that

10 this Stipulated Protective Order does not entitle them to file confidential

11 information under seal; Local Civil Rule 79-5 sets forth the procedures that must

12 be followed and the standards that will be applied when a party seeks permission

13 from the court to file material under seal.

14      There is a strong presumption that the public has a right of access to judicial

15 proceedings and records in civil cases. In connection with non-dispositive

16 motions, good cause must be shown to support a filing under seal. *See Kamakana*

17 *v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v.*

18 *Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v.*

19 *Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated

20 protective orders require good cause showing), and a specific showing of good

21 cause or compelling reasons with proper evidentiary support and legal

22 justification, must be made with respect to Protected Material that a party seeks to

23 file under seal. The parties' mere designation of Disclosure or Discovery Material

24 as "CONFIDENTIAL" does not— without the submission of competent evidence

25 by declaration, establishing that the material sought to be filed under seal qualifies

26 as confidential, privileged, or otherwise protectable—constitute good cause.

27 Further, if a party requests sealing related to a dispositive motion or trial, then

28 compelling reasons, not only good cause, for the sealing must be shown, and the

1  relief sought shall be narrowly tailored to serve the specific interest to be

2  protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir.

3  2010). For each item or type of information, document, or thing sought to be filed

4  or introduced under seal in connection with a dispositive motion or trial, the party

5  seeking protection must articulate compelling reasons, supported by specific facts

6  and legal justification, for the requested sealing order. Again, competent evidence

7  supporting the application to file documents under seal must be provided by

8  declaration.

9        Any document that is not confidential, privileged, or otherwise protectable

10  in its entirety will not be filed under seal if the confidential portions can be

11  redacted. If documents can be redacted, then a redacted version for public

12  viewing, omitting only the confidential, privileged, or otherwise protectable

13  portions of the document, shall be filed. Any application that seeks to file

14  documents under seal in their entirety should include an explanation of why

15  redaction is not feasible.

16   1. DEFINITIONS

17        1.1 Action: *Davidson v. O'Reilly Auto Enterprises, LLC*, United States

18  District Court for the Central District of California Case No. 5:17-cv-00603-RGK-

19  AJW

20        1.2 Challenging Party: a Party or Non-Party that challenges the designation

21  of information or items under this Order.

22        1.3 "CONFIDENTIAL" Information or Items: information (regardless of

23  how it is generated, stored or maintained) or tangible things that qualify for

24  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

25  the Good Cause Statement.

26        Such information shall include, but not necessarily be limited to:

27        (a)      Any and all documents referring or related to confidential and

28  proprietary human resources or business information; financial records of the

STIPULATED PROTECTIVE ORDER

1  parties; compensation of Defendant's current or former personnel; policies,

2  procedures or training materials of Defendant; or Defendant's organizational

3  structure;

4     (b)     Any documents from the personnel, medical or workers'

5  compensation file of any current or former employee or contractor;

6     (c)     Any documents relating to the medical or health information of

7  any of Defendant's current or former employees or contractors;

8     (d)     Any portions of depositions (audio or video) where Confidential

9  Information is disclosed or used as exhibits.

10     1.4 Counsel: Counsel for Plaintiff, Outside Counsel of Record for

11  Defendant, and In-House Counsel for Defendant (as well as their support staff).

12  1.5 Designating Party: a Party or Non-Party that designates information or items

13  that it produces in disclosures or in responses to discovery as

14  "CONDFIDENTIAL".

15     1.6 Disclosure or Discovery Material: all items or information, regardless of

16  the medium or manner in which it is generated, stored, or maintained (including,

17  among other things, testimony, transcripts, and tangible things), that are produced

18  or generated in disclosures or responses to discovery in this matter.

19     1.7 Expert: a person with specialized knowledge or experience in a matter

20  pertinent to the litigation who has been retained by a Party or its counsel to serve

21  as an expert witness or as a consultant in this Action.

22     1.8 In-House Counsel: attorneys who are employees of a party to this

23  Action. In-House Counsel does not include Outside Counsel of Record or any

24  other outside counsel.

25     1.9 Non-Party: any natural person, partnership, corporation, association or

26  other legal entity not named as a Party to this action.

27     1.10 Outside Counsel of Record: attorneys who are not employees of a

28  party to this Action but are retained to represent or advise a party to this Action

STIPULATED PROTECTIVE ORDER

1    and have appeared in this Action on behalf of that party or are affiliated with a law

2    firm that has appeared on behalf of that party, and includes support staff.

3        1.11 <u>Party</u>: any party to this Action, including all of its officers, directors,

4    employees, consultants, retained experts, and Outside Counsel of Record (and

5    their support staffs).

6        1.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

7    Discovery Material in this Action.

8        1.13 <u>Professional Vendors</u>: persons or entities that provide litigation support

9    services (e.g., photocopying, videotaping, translating, preparing exhibits or

10   demonstrations, and organizing, storing, or retrieving data in any form or medium)

11   and their employees and subcontractors.

12       1.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is

13   designated as "CONFIDENTIAL".

14       1.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

15   Material from a Producing Party.

16   2. <u>SCOPE</u>

17       The protections conferred by this Stipulation and Order cover not only

18   Protected Material (as defined above), but also (1) any information copied or

19   extracted from Protected Material; (2) all copies, excerpts, summaries, or

20   compilations of Protected Material; and (3) any testimony, conversations, or

21   presentations by Parties or their Counsel that might reveal Protected Material.

22   Any use of Protected Material at trial shall be governed by the orders of the trial

23   judge. This Order does not govern the use of Protected Material at trial.

24   3. <u>DURATION</u>

25       Even after final disposition of this litigation, the confidentiality obligations

26   imposed by this Order shall remain in effect until a Designating Party agrees

27   otherwise in writing or a court order otherwise directs. Final disposition shall be

28   deemed to be the later of (1) dismissal of all claims and defenses in this action,

1  with or without prejudice; or (2) final judgment herein after the completion and

2  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

3  including the time limits for filing any motions or applications for extension of

4  time pursuant to applicable law.

5      4. DESIGNATING PROTECTED MATERIAL

6          4.1 Exercise of Restraint and Care in Designating Material for Protection.

7  Each Party or Non-Party that designates information or items for protection under

8  this Order must take care to limit any such designation to specific material that

9  qualifies under the appropriate standards. The Designating Party must designate

10  for protection only those parts of material, documents, items or oral or written

11  communications that qualify so that other portions of the material, documents,

12  items or communications for which protection is not warranted are not swept

13  unjustifiably within the ambit of this Order.

14          Mass, indiscriminate or routinized designations are prohibited. Designations

15  that are shown to be clearly unjustified or that have been made for an improper

16  purpose (e.g., to unnecessarily encumber the case development process or to

17  impose unnecessary expenses and burdens on other parties) may expose the

18  Designating Party to sanctions.

19          If it comes to a Designating Party's attention that information or items that

20  it designated for protection do not qualify for protection, that Designating Party

21  must promptly notify all other Parties that it is withdrawing the inapplicable

22  designation.

23          4.2 Manner and Timing of Designations. Except as otherwise provided in

24  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

25  stipulated or ordered, Disclosure or Discovery Material that qualifies for

26  protection under this Order must be clearly so designated before the material is

27  disclosed or produced. Designation in conformity with this Order requires:

28

STIPULATED PROTECTIVE ORDER

1        (a) for information in documentary form (e.g., paper or electronic

2    documents, but excluding transcripts of depositions or other pretrial or trial

3    proceedings), that the Producing Party affix at a minimum, the legend

4    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

5    contains protected material. If only a portion of the material on a page qualifies for

6    protection, the Producing Party also must clearly identify the protected portion(s)

7    (e.g., by making appropriate markings in the margins).

8        A Party or Non-Party that makes original documents available for

9    inspection need not designate them for protection until after the inspecting Party

10   has indicated which documents it would like copied and produced. During the

11   inspection and before the designation, all of the material made available for

12   inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

13   identified the documents it wants copied and produced, the Producing Party must

14   determine which documents, or portions thereof, it believes qualify for protection

15   under this Order. Then, before producing the specified documents, the Producing

16   Party must affix the "CONFIDENTIAL" legend to each page that contains

17   Protected Material. If only a portion of the material on a page qualifies for

18   protection, the Producing Party also must clearly identify the protected portion(s)

19   (e.g., by making appropriate markings in the margins).

20       (b) for testimony given in depositions that the Designating Party identifies

21   the Disclosure or Discovery Material on the record, before the close of the

22   deposition all protected testimony.

23       (c) for information produced in some form other than documentary and for

24   any other tangible items, that the Producing Party affix in a prominent place on the

25   exterior of the container or containers in which the information is stored the

26   legend "CONFIDENTIAL." If only a portion or portions of the information

27   warrants protection, the Producing Party, to the extent practicable, shall identify

28   the protected portion(s).

1        4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

2    failure to designate qualified information or items does not, standing alone, waive

3    the Designating Party's right to secure protection under this Order for such

4    material. Upon timely correction of a designation, the Receiving Party must make

5    reasonable efforts to assure that the material is treated in accordance with the

6    provisions of this Order.

7        5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8        5.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

9    designation of confidentiality at any time that is consistent with the Court's

10   Scheduling Order.

11       5.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

12   resolution process in full accordance with Local Rule 37-1 by providing written

13   notice of each designation it is challenging and describing the basis for each

14   challenge. To avoid ambiguity as to whether a challenge has been made, the

15   written notice must recite that the challenge to confidentiality is being made in

16   accordance with this specific paragraph of the Protective Order. The parties shall

17   attempt to resolve each challenge in good faith and must begin the process by

18   conferring directly (in voice-to-voice dialogue; other forms of communication are

19   not sufficient) within 14 days of the date of service of notice. In conferring, the

20   Challenging Party must explain the basis for its belief that the designation was not

21   proper and must give the Designating Party an opportunity to review the

22   designated material, to reconsider the circumstances, and, if no change in

23   designation is offered, to explain the basis for the chosen designation. A

24   Challenging Party may proceed to the next stage of the challenge process only if it

25   has engaged in this meet and confer process first or establishes that the

26   Designating Party is unwilling to participate in the meet and confer process in a

27   timely manner.

28

STIPULATED PROTECTIVE ORDER

1         5.3 <u>Joint Stipulation</u>. If the Parties cannot resolve a challenge without court

2    intervention, the Challenging Party shall file and serve a motion to remove

3    confidentiality designation in compliance with Local Rule 37-2 (including the

4    Joint Stipulation Requirement) within 28 days of the initial notice of challenge or

5    within 14 days of the parties agreeing that the meet and confer process will not

6    resolve their dispute, whichever is earlier. Each such motion must be accompanied

7    by a competent declaration affirming that the movant has complied with the meet

8    and confer requirements imposed in the preceding paragraph and Local Rule 37-1.

9    Failure by the Challenging Party to make such a motion including the required

10   declaration within 28 days (or 14 days, if applicable) shall automatically waive the

11   confidentiality objection for each challenged designation. In addition, the

12   Designating Party may file a motion to retain a confidentiality designation at any

13   time if there is good cause for doing so, including a challenge to the designation of

14   a deposition transcript or any portions thereof. Any motion brought pursuant to

15   this provision must be accompanied by a competent declaration affirming that the

16   movant has complied with the meet and confer requirements imposed by the

17   preceding paragraph.

18

19        5.4 The burden of persuasion in any such challenge proceeding shall be on

20   the Designating Party. Frivolous challenges, and those made for an improper

21   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

22   parties) may expose the Challenging Party to sanctions. Unless the Designating

23   Party has waived or withdrawn the confidentiality designation, all parties shall

24   continue to afford the material in question the level of protection to which it is

25   entitled under the Producing Party's designation until the Court rules on the

26   challenge.

27       6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

28

1        6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

2    disclosed or produced by another Party or by a Non-Party in connection with this

3    Action only for prosecuting, defending or attempting to settle this Action. This

4    Stipulated Protective Order is expressly intended to comply with Rule 1-500(A) of

5    the California Rules of Professional Conduct. Such Protected Material may be

6    disclosed only to the categories of persons and under the conditions described in

7    this Order. When the Action has been terminated, a Receiving Party must comply

8    with the provisions of section 12 below (FINAL DISPOSITION).

9        Protected Material must be stored and maintained by a Receiving Party at a

10   location and in a secure manner that ensures that access is limited to the persons

11   authorized under this Order.

12       6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

13   otherwise ordered by the court or permitted in writing by the Designating Party, a

14   Receiving Party may disclose any information or item designated

15   "CONFIDENTIAL" only to:

16       (a) the Receiving Party's Outside Counsel of Record in this Action, as well

17   as employees of said Outside Counsel of Record to whom it is reasonably

18   necessary to disclose the information for this Action;

19       (b) the officers, directors, and employees (including In-House Counsel) of

20   the Receiving Party to whom disclosure is reasonably necessary for this Action;

21       (c) Experts (as defined in this Order) of the Receiving Party to whom

22   disclosure is reasonably necessary for this Action and who have signed the

23   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (d) the court and its personnel;

25       (e) court reporters and their staff;

26       (f) professional jury or trial consultants, mock jurors, and Professional

27   Vendors (as defined in this Order) to whom disclosure is reasonably necessary for

28

STIPULATED PROTECTIVE ORDER

1  this Action and who have signed the "Acknowledgment and Agreement to Be
2  Bound" (Exhibit A);

3      (g) the author or recipient of a document containing the information or a
4  custodian or other person who otherwise possessed or knew the information;

5      (h) during their depositions, witnesses, and attorneys for witnesses, in the
6  Action to whom disclosure is reasonably necessary provided: (1) the deposing
7  party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)
8  they will not be permitted to keep any confidential information unless they sign
9  the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
10  agreed by the Designating Party or ordered by the court. Pages of transcribed
11  deposition testimony or exhibits to depositions that reveal Protected Material may
12  be separately bound by the court reporter and may not be disclosed to anyone
13  except as permitted under this Stipulated Protective Order; and

14      (i) any mediator or settlement officer, and their supporting personnel,
15  mutually agreed upon by any of the parties engaged in settlement discussions.

16  7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
17  IN OTHER LITIGATION

18      If a Party is served with a subpoena or a court order issued in other
19  litigation that compels disclosure of any information or items designated in this
20  Action as "CONFIDENTIAL," that Party must:

21      (a) promptly notify in writing the Designating Party. Such notification shall
22  include a copy of the subpoena or court order;

23      (b) promptly notify in writing the party who caused the subpoena or order to
24  issue in the other litigation that some or all of the material covered by the
25  subpoena or order is subject to this Protective Order. Such notification shall
26  include a copy of this Stipulated Protective Order; and

27      (c) cooperate with respect to all reasonable procedures sought to be pursued
28  by the Designating Party whose Protected Material may be affected.

STIPULATED PROTECTIVE ORDER

1        If the Designating Party timely seeks a protective order, the Party served

2  with the subpoena or court order shall not produce any information designated in

3  this action as "CONFIDENTIAL" before a determination by the court from which

4  the subpoena or order issued, unless the Party has obtained the Designating

5  Party's permission. The Designating Party shall bear the burden and expense of

6  seeking protection in that court of its confidential material and nothing in these

7  provisions should be construed as authorizing or encouraging a Receiving Party in

8  this Action to disobey a lawful directive from another court.

9    8. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

10      <u>PRODUCED IN THIS LITIGATION</u>

11      (a) The terms of this Order are applicable to information produced by a

12  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

13  produced by Non-Parties in connection with this litigation is protected by the

14  remedies and relief provided by this Order. Nothing in these provisions should be

15  construed as prohibiting a Non-Party from seeking additional protections.

16      (b) In the event that a Party is required, by a valid discovery request, to

17  produce a Non-Party's confidential information in its possession, and the Party is

18  subject to an agreement with the Non-Party not to produce the Non-Party's

19  confidential information, then the Party shall:

20      (1) promptly notify in writing the Requesting Party and the Non-Party that

21  some or all of the information requested is subject to a confidentiality agreement

22  with a Non-Party;

23      (2) promptly provide the Non-Party with a copy of the Stipulated Protective

24  Order in this Action, the relevant discovery request(s), and a reasonably specific

25  description of the information requested; and

26      (3) make the information requested available for inspection by the Non-

27  Party, if requested.

28

STIPULATED PROTECTIVE ORDER

1        (c) If the Non-Party fails to seek a protective order from this court within 14

2    days of receiving the notice and accompanying information, the Receiving Party

3    may produce the Non-Party's confidential information responsive to the discovery

4    request. If the Non-Party timely seeks a protective order, the Receiving Party shall

5    not produce any information in its possession or control that is subject to the

6    confidentiality agreement with the Non-Party before a determination by the court.

7        Absent a court order to the contrary, the Non-Party shall bear the burden

8    and expense of seeking protection in this court of its Protected Material.

9       9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10       If a Receiving Party learns that, by inadvertence or otherwise, it has

11   disclosed Protected Material to any person or in any circumstance not authorized

12   under this Stipulated Protective Order, the Receiving Party must immediately (a)

13   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

14   best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

15   the person or persons to whom unauthorized disclosures were made of all the

16   terms of this Order, and (d) request such person or persons to execute the

17   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

18   A.

19      10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

20   PROTECTED MATERIAL

21       Pursuant to FRE 502 (d) and (e), the parties agree to, and the Court orders

22   protection of privileged and otherwise Protected Material against claims of waiver

23   (including as against third parties and in other federal and state proceedings) as

24   follows:

25       (a)    The disclosure or production of documents by a Producing Party

26   subject to a legally recognized claim of privilege, including without limitation the

27   attorney-client privilege and the work-product doctrine, to a Receiving Party, shall

28   in no way constitute the voluntary disclosure of such Document, provided that the

1    requirements of Fed. R. Evid. 502(b)(1)-(3) are met;

2         (b)    The inadvertent disclosure or production of any document in this
3    action shall not result in the waiver of any privilege, evidentiary protection or
4    other protection associated with such document as to the Receiving Party or any
5    third parties, and shall not result in any waiver, including subject matter waiver, of
6    any kind, provided that the requirements of Fed. R. Evid. 502(b)(1)-(3) are met;

7         (c)    If, during the course of this litigation, a party determines that any
8    document produced by another party is or may reasonably be subject to a legally
9    recognizable privilege or evidentiary protection ("Protected Document"):

10             (i)    the Receiving Party shall: (A) refrain from reading the
11   Protected Document any more closely than is necessary to ascertain that it is
12   privileged or otherwise protected from disclosure;  (B) immediately notify the
13   Producing Party in writing that it has discovered documents believed to be
14   privileged or protected; (C) specifically identify the Protected Documents by bates
15   number range or hash value, and, (D) within ten (10) days of discovery by the
16   Receiving Party, return, sequester, or destroy all copies of such Protected
17   Documents, along with any notes, abstracts or compilations of the content
18   thereof.  To the extent that a Protected Document has been loaded into a litigation
19   review database under the control of the Receiving Party, the Receiving Party
20   shall have all electronic copies of the Protected Document extracted from the
21   database.  Where such Protected Documents cannot be destroyed or separated,
22   they shall not be reviewed, disclosed, or otherwise used by the Receiving
23   Party.  Notwithstanding, the Receiving Party is under no obligation to search or
24   review the Producing Party's documents to identify potentially privileged or work
25   product Protected Documents.

26             (ii)   If the Producing Party intends to assert a claim of privilege or
27   other protection over documents identified by the Receiving Party as Protected
28   Documents, the Producing Party will, within ten (10) days of receiving the

1    Receiving Party's written notification described above, inform the Receiving Party

2    of such intention in writing and shall provide the Receiving Party with a log for

3    such Protected Documents that is consistent with the requirements of the Federal

4    Rules of Civil Procedure, setting forth the basis for the claim of privilege or other

5    protection.  In the event that any portion of a Protected Document does not contain

6    privileged or protected information, the Producing Party shall also provide to the

7    Receiving Party a redacted copy of the document that omits the information that

8    the Producing Party believes is subject to a claim of privilege or other protection.

9         (d)     If, during the course of this litigation, a party determines it has

10   produced a Protected Document:

11        (i)     the Producing Party may notify the Receiving Party of such

12   inadvertent production in writing, and demand the return of such

13   documents.  Such notice shall be in writing, however, it may be delivered orally

14   on the record at a deposition, promptly followed up in writing.  The Producing

15   Party's written notice will identify the Protected Document inadvertently

16   produced by bates number range or hash value, the privilege or protection

17   claimed, and the basis for the assertion of the privilege and shall provide the

18   Receiving Party with a log for such Protected Documents that is consistent with

19   the requirements of the Federal Rules of Civil Procedure, setting forth the basis for

20   the claim of privilege or other protection.  In the event that any portion of the

21   Protected Document does not contain privileged or protected information, the

22   Producing Party shall also provide to the Receiving Party a redacted copy of the

23   Document that omits the information that the Producing Party believes is subject

24   to a claim of privilege or other protection.

25        (ii)    the Receiving Party must, within ten (10) days of receiving the

26   Producing Party's written notification described above, return, sequester, or

27   destroy the Protected Document and any copies, along with any notes, abstracts or

28   compilations of the content thereof.  To the extent that a Protected Document has

1   been loaded into a litigation review database under the control of the Receiving

2   Party, the Receiving Party shall have all electronic copies of the Protected

3   Document extracted from the database.

4       (e)     To the extent that the information contained in a Protected Document

5   has already been used in or described in other documents generated or maintained

6   by the Receiving Party prior to the date of receipt of written notice by the

7   Producing Party as set forth in paragraphs 11(c)(ii) and 11(d)(i), then the

8   Receiving Party shall sequester such documents until the claim has been

9   resolved. If the Receiving Party disclosed the Protected Document before being

10  notified of its inadvertent production, it must take reasonable steps to retrieve it.

11      (f)     The Receiving Party's return, sequestering or destruction of Protected

12  Documents as provided herein will not act as a waiver of the Requesting Party's

13  right to move for the production of the returned, sequestered or destroyed

14  documents on the grounds that the documents are not, in fact, subject to a viable

15  claim of privilege or protection.  However, the Receiving Party is prohibited and

16  estopped from arguing that:

17          (i)     the disclosure or production of the Protected Documents acts

18  as a waiver of an applicable privilege or evidentiary protection;

19          (ii)    the disclosure of the Protected Documents was not inadvertent;

20          (iii)   the Producing Party did not take reasonable steps to prevent the

21  disclosure of the Protected Documents; or

22          (iv)    the Producing Party failed to take reasonable or timely steps to

23  rectify the error.

24      (g)     Either party may submit Protected Documents to the Court under seal

25  for a determination of the claim of privilege or other protection.  The Producing

26  Party shall preserve the Protected Documents until such claim is resolved.  The

27  Receiving Party may not use the Protected Documents for any purpose absent this

28  Court's Order.

1       (h)    Upon a determination by the Court that the Protected Documents are

2  protected by the applicable privilege or evidentiary protection, and if the Protected

3  Documents have been sequestered rather than returned or destroyed by the

4  Receiving Party, the Protected Documents shall be returned or destroyed within 10

5  (ten) days of the Court's order. The Court may also order the identification by the

6  Receiving Party of Protected Documents by search terms or other means.

7       (i)    Nothing contained herein is intended to, or shall serve to limit a

8  party's right to conduct a review of documents, data (including electronically

9  stored information) and other information, including without limitation, metadata,

10  for relevance, responsiveness or the segregation of privileged or protected

11  information before such information is produced to another party.

12       (j)    By operation of the parties' agreement and Court Order, the parties

13  are specifically afforded the protections of FRE 502 (d) and (e).

14     11.MISCELLANEOUS

15        11.1 Right to Further Relief. Nothing in this Order abridges the right of any

16  person to seek its modification by the Court in the future.

17        11.2 Right to Assert Other Objections. By stipulating to the entry of this

18  Protective Order, no Party waives any right it otherwise would have to object to

19  disclosing or producing any information or item on any ground not addressed in

20  this Stipulated Protective Order. Similarly, no Party waives any right to object on

21  any ground to use in evidence of any of the material covered by this Protective

22  Order.

23        11.3 Filing Protected Material. A Party that seeks to file under seal any

24  Protected Material must comply with Local Civil Rule 79-5. Protected Material

25  may only be filed under seal pursuant to a court order authorizing the sealing of

26  the specific Protected Material at issue. If a Party's request to file Protected

27  Material under seal is denied by the court, then the Receiving Party may file the

28  information in the public record unless otherwise instructed by the court.

STIPULATED PROTECTIVE ORDER

1    12.FINAL DISPOSITION

2        After the final disposition of this Action, as defined in paragraph 4, within
3    60 days of a written request by the Designating Party, each Receiving Party must
4    return all Protected Material to the Producing Party or destroy such material. As
5    used in this subdivision, "all Protected Material" includes all copies, abstracts,
6    compilations, summaries, and any other format reproducing or capturing any of
7    the Protected Material. Whether the Protected Material is returned or destroyed,
8    the Receiving Party must submit a written certification to the Producing Party
9    (and, if not the same person or entity, to the Designating Party) by the 60 day
10   deadline that (1) identifies (by category, where appropriate) all the Protected
11   Material that was returned or destroyed and (2) affirms that the Receiving Party
12   has not retained any copies, abstracts, compilations, summaries or any other
13   format reproducing or capturing any of the Protected Material. Notwithstanding
14   this provision, Counsel are entitled to retain an archival copy of all pleadings,
15   motion papers, trial, deposition, and hearing transcripts, legal memoranda,
16   correspondence, deposition and trial exhibits, expert reports, attorney work
17   product, and consultant and expert work product, even if such materials contain
18   Protected Material. Any such archival copies that contain or constitute Protected
19   Material remain subject to this Protective Order as set forth in Section 4
20   (DURATION).

21   13.VIOLATION

22       Any violation of this Order may be punished by appropriate measures
23   including, without limitation, contempt proceedings and/or monetary sanctions.

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATED PROTECTIVE ORDER

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    Dated: August 24, 2017            Capstone Law APC

4                                 By: _____

5                                 Matthew T. Theriault

6                                 Robert J. Drexler, Jr.
                                 Jonathan Lee

7                                 Natalie Torbati

8                                 Attorneys for Plaintiff Kia Davidson

9

10    Dated: August 24, 2017            Higgs Fletcher & Mack LLP

11                               By: _____

12                                 James M. Peterson
                                Jason C. Ross

13                                 Kyle W. Nageotte

14                                 Attorneys for Defendant O'Reilly Auto

15                                 Enterprises, LLC

16

17    Dated: _____         _____

18                                 Hon. R. Gary Klausner
                                District Court Judge

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

in the case of *Davidson v. O'Reilly Auto Enterprises, LLC*, Case No. 5:17-cv-

00603-RGK-AJW. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order. I further agree to submit to the

jurisdiction of the United States District Court for the Central District of

California for enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

1 | Matthew T. Theriault (SBN 244037)
Matthew.Theriault@CapstoneLawyers.com
2 | Robert J. Drexler, Jr. (SBN 119119)
Robert.Drexler@CapstoneLawyers.com
3 | Jonathan Lee (SBN 267146)
Jonathan.Lee@CapstoneLawyers.com
4 | Natalie Torbati (SBN 301663)
Natalie. Torbati@CapstoneLawyers.com
5 | Capstone Law APC
1875 Century Park East, Suite 1000
6 | Los Angeles, California 90067
Telephone:  (310) 556-4811
7 | Facsimile:  (310) 943-0396

8

Attorneys for Plaintiff Kia Davidson

9

10 UNITED STATES DISTRICT COURT

11 FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13 | KIA DAVIDSON, individually, and | Case No.: 5:17-cv-00603
on behalf of other members of the
14 | general public similarly situated, | **STIPULATED PROTECTIVE ORDER**

15 | Plaintiff,

16 | vs.

17 | O'REILLY AUTO ENTERPRISES,
LLC, a Delaware corporation;,
18
Defendant.
19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1        A. <u>PURPOSES AND LIMITATIONS</u>

2            Disclosure and discovery in this action is likely to involve production of

3    confidential, proprietary or private information for which special protection from

4    public disclosure and from use for any purpose other than prosecuting this

5    litigation may be warranted. Accordingly, the parties to this case, KIA

6    DAVIDSON and O'REILLY AUTO ENTERPRISES, LLC (the "Parties"),

7    hereby stipulate to and petition the Court to enter the following Stipulated

8    Protective Order. The parties acknowledge that this Order does not confer blanket

9    protections on all disclosures, documents, or responses to discovery and that the

10   protection it affords from public disclosure and use extends only to the limited

11   information or items that are entitled to confidential treatment under the applicable

12   legal principles.

13       B. <u>GOOD CAUSE STATEMENT</u>

14           This action is likely to involve trade secrets and other valuable research,

15   development, commercial, financial, technical and/or proprietary information for

16   which special protection from public disclosure and from use for any purpose

17   other than prosecution of this action is warranted. Such confidential and

18   proprietary materials and information consist of, among other things, confidential

19   business or financial information, information regarding confidential business

20   practices, or other confidential research, development, or commercial information

21   (including information implicating privacy rights of third parties), information

22   otherwise generally unavailable to the public, or which may be privileged or

23   otherwise protected from disclosure under state or federal statutes, court rules,

24   case decisions, or common law. Accordingly, to expedite the flow of information,

25   to facilitate the prompt resolution of disputes over confidentiality of discovery

26   materials, to adequately protect information the parties are entitled to keep

27   confidential, to ensure that the parties are permitted reasonable necessary uses of

28   such material in preparation for and in the conduct of trial, to address their

STIPULATED PROTECTIVE ORDER

1 │ handling at the end of the litigation, and serve the ends of justice, a protective

2 │ order for such information is justified in this matter. It is the intent of the parties

3 │ that information will not be designated as confidential for tactical reasons and that

4 │ nothing be so designated without a good faith belief that it has been maintained in

5 │ a confidential, non-public manner, and there is good cause why it should not be

6 │ part of the public record of this case.

7 │     C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

8 │ SEAL

9 │     The parties further acknowledge, as set forth in Section 12.3, below, that

10 │ this Stipulated Protective Order does not entitle them to file confidential

11 │ information under seal; Local Civil Rule 79-5 sets forth the procedures that must

12 │ be followed and the standards that will be applied when a party seeks permission

13 │ from the court to file material under seal.

14 │     There is a strong presumption that the public has a right of access to judicial

15 │ proceedings and records in civil cases. In connection with non-dispositive

16 │ motions, good cause must be shown to support a filing under seal. *See Kamakana*

17 │ *v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v.*

18 │ *Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v.*

19 │ *Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated

20 │ protective orders require good cause showing), and a specific showing of good

21 │ cause or compelling reasons with proper evidentiary support and legal

22 │ justification, must be made with respect to Protected Material that a party seeks to

23 │ file under seal. The parties' mere designation of Disclosure or Discovery Material

24 │ as "CONFIDENTIAL" does not— without the submission of competent evidence

25 │ by declaration, establishing that the material sought to be filed under seal qualifies

26 │ as confidential, privileged, or otherwise protectable—constitute good cause.

27 │ Further, if a party requests sealing related to a dispositive motion or trial, then

28 │ compelling reasons, not only good cause, for the sealing must be shown, and the

STIPULATED PROTECTIVE ORDER

1   relief sought shall be narrowly tailored to serve the specific interest to be
2   protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir.
3   2010). For each item or type of information, document, or thing sought to be filed
4   or introduced under seal in connection with a dispositive motion or trial, the party
5   seeking protection must articulate compelling reasons, supported by specific facts
6   and legal justification, for the requested sealing order. Again, competent evidence
7   supporting the application to file documents under seal must be provided by
8   declaration.

9       Any document that is not confidential, privileged, or otherwise protectable
10   in its entirety will not be filed under seal if the confidential portions can be
11   redacted. If documents can be redacted, then a redacted version for public
12   viewing, omitting only the confidential, privileged, or otherwise protectable
13   portions of the document, shall be filed. Any application that seeks to file
14   documents under seal in their entirety should include an explanation of why
15   redaction is not feasible.

16   1. DEFINITIONS

17       1.1 <u>Action</u>: *Davidson v. O'Reilly Auto Enterprises, LLC*, United States
18   District Court for the Central District of California Case No. 5:17-cv-00603-RGK-
19   AJW

20       1.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation
21   of information or items under this Order.

22       1.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of
23   how it is generated, stored or maintained) or tangible things that qualify for
24   protection under Federal Rule of Civil Procedure 26(c), and as specified above in
25   the Good Cause Statement.

26       Such information shall include, but not necessarily be limited to:

27       (a)     Any and all documents referring or related to confidential and
28   proprietary human resources or business information; financial records of the

1   parties; compensation of Defendant's current or former personnel; policies,

2   procedures or training materials of Defendant; or Defendant's organizational

3   structure;

4         (b)      Any documents from the personnel, medical or workers'

5   compensation file of any current or former employee or contractor;

6         (c)      Any documents relating to the medical or health information of

7   any of Defendant's current or former employees or contractors;

8         (d)      Any portions of depositions (audio or video) where Confidential

9   Information is disclosed or used as exhibits.

10        1.4 Counsel: Counsel for Plaintiff, Outside Counsel of Record for

11   Defendant, and In-House Counsel for Defendant (as well as their support staff).

12   1.5 Designating Party: a Party or Non-Party that designates information or items

13   that it produces in disclosures or in responses to discovery as

14   "CONDFIDENTIAL".

15        1.6 Disclosure or Discovery Material: all items or information, regardless of

16   the medium or manner in which it is generated, stored, or maintained (including,

17   among other things, testimony, transcripts, and tangible things), that are produced

18   or generated in disclosures or responses to discovery in this matter.

19        1.7 Expert: a person with specialized knowledge or experience in a matter

20   pertinent to the litigation who has been retained by a Party or its counsel to serve

21   as an expert witness or as a consultant in this Action.

22        1.8 In-House Counsel: attorneys who are employees of a party to this

23   Action. In-House Counsel does not include Outside Counsel of Record or any

24   other outside counsel.

25        1.9 Non-Party: any natural person, partnership, corporation, association or

26   other legal entity not named as a Party to this action.

27        1.10 Outside Counsel of Record: attorneys who are not employees of a

28   party to this Action but are retained to represent or advise a party to this Action

STIPULATED PROTECTIVE ORDER

1    and have appeared in this Action on behalf of that party or are affiliated with a law

2    firm that has appeared on behalf of that party, and includes support staff.

3        1.11 <u>Party</u>: any party to this Action, including all of its officers, directors,

4    employees, consultants, retained experts, and Outside Counsel of Record (and

5    their support staffs).

6        1.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

7    Discovery Material in this Action.

8        1.13 <u>Professional Vendors</u>: persons or entities that provide litigation support

9    services (e.g., photocopying, videotaping, translating, preparing exhibits or

10   demonstrations, and organizing, storing, or retrieving data in any form or medium)

11   and their employees and subcontractors.

12       1.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is

13   designated as "CONFIDENTIAL".

14       1.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

15   Material from a Producing Party.

16   2. <u>SCOPE</u>

17       The protections conferred by this Stipulation and Order cover not only

18   Protected Material (as defined above), but also (1) any information copied or

19   extracted from Protected Material; (2) all copies, excerpts, summaries, or

20   compilations of Protected Material; and (3) any testimony, conversations, or

21   presentations by Parties or their Counsel that might reveal Protected Material.

22   Any use of Protected Material at trial shall be governed by the orders of the trial

23   judge. This Order does not govern the use of Protected Material at trial.

24   3. <u>DURATION</u>

25       Even after final disposition of this litigation, the confidentiality obligations

26   imposed by this Order shall remain in effect until a Designating Party agrees

27   otherwise in writing or a court order otherwise directs. Final disposition shall be

28   deemed to be the later of (1) dismissal of all claims and defenses in this action,

1    with or without prejudice; or (2) final judgment herein after the completion and

2    exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

3    including the time limits for filing any motions or applications for extension of

4    time pursuant to applicable law.

5       4.  DESIGNATING PROTECTED MATERIAL

6          4.1 Exercise of Restraint and Care in Designating Material for Protection.

7    Each Party or Non-Party that designates information or items for protection under

8    this Order must take care to limit any such designation to specific material that

9    qualifies under the appropriate standards. The Designating Party must designate

10   for protection only those parts of material, documents, items or oral or written

11   communications that qualify so that other portions of the material, documents,

12   items or communications for which protection is not warranted are not swept

13   unjustifiably within the ambit of this Order.

14         Mass, indiscriminate or routinized designations are prohibited. Designations

15   that are shown to be clearly unjustified or that have been made for an improper

16   purpose (e.g., to unnecessarily encumber the case development process or to

17   impose unnecessary expenses and burdens on other parties) may expose the

18   Designating Party to sanctions.

19         If it comes to a Designating Party's attention that information or items that

20   it designated for protection do not qualify for protection, that Designating Party

21   must promptly notify all other Parties that it is withdrawing the inapplicable

22   designation.

23         4.2 Manner and Timing of Designations. Except as otherwise provided in

24   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

25   stipulated or ordered, Disclosure or Discovery Material that qualifies for

26   protection under this Order must be clearly so designated before the material is

27   disclosed or produced. Designation in conformity with this Order requires:

28

1       (a) for information in documentary form (e.g., paper or electronic

2 documents, but excluding transcripts of depositions or other pretrial or trial

3 proceedings), that the Producing Party affix at a minimum, the legend

4 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

5 contains protected material. If only a portion of the material on a page qualifies for

6 protection, the Producing Party also must clearly identify the protected portion(s)

7 (e.g., by making appropriate markings in the margins).

8       A Party or Non-Party that makes original documents available for

9 inspection need not designate them for protection until after the inspecting Party

10 has indicated which documents it would like copied and produced. During the

11 inspection and before the designation, all of the material made available for

12 inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

13 identified the documents it wants copied and produced, the Producing Party must

14 determine which documents, or portions thereof, it believes qualify for protection

15 under this Order. Then, before producing the specified documents, the Producing

16 Party must affix the "CONFIDENTIAL" legend to each page that contains

17 Protected Material. If only a portion of the material on a page qualifies for

18 protection, the Producing Party also must clearly identify the protected portion(s)

19 (e.g., by making appropriate markings in the margins).

20       (b) for testimony given in depositions that the Designating Party identifies

21 the Disclosure or Discovery Material on the record, before the close of the

22 deposition all protected testimony.

23       (c) for information produced in some form other than documentary and for

24 any other tangible items, that the Producing Party affix in a prominent place on the

25 exterior of the container or containers in which the information is stored the

26 legend "CONFIDENTIAL." If only a portion or portions of the information

27 warrants protection, the Producing Party, to the extent practicable, shall identify

28 the protected portion(s).

STIPULATED PROTECTIVE ORDER

4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

5.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process in full accordance with Local Rule 37-1 by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

1        5.3 <u>Joint Stipulation</u>. If the Parties cannot resolve a challenge without court

2  intervention, the Challenging Party shall file and serve a motion to remove

3  confidentiality designation in compliance with Local Rule 37-2 (including the

4  Joint Stipulation Requirement) within 28 days of the initial notice of challenge or

5  within 14 days of the parties agreeing that the meet and confer process will not

6  resolve their dispute, whichever is earlier. Each such motion must be accompanied

7  by a competent declaration affirming that the movant has complied with the meet

8  and confer requirements imposed in the preceding paragraph and Local Rule 37-1.

9  Failure by the Challenging Party to make such a motion including the required

10  declaration within 28 days (or 14 days, if applicable) shall automatically waive the

11  confidentiality objection for each challenged designation. In addition, the

12  Designating Party may file a motion to retain a confidentiality designation at any

13  time if there is good cause for doing so, including a challenge to the designation of

14  a deposition transcript or any portions thereof. Any motion brought pursuant to

15  this provision must be accompanied by a competent declaration affirming that the

16  movant has complied with the meet and confer requirements imposed by the

17  preceding paragraph.

18

19        5.4 The burden of persuasion in any such challenge proceeding shall be on

20  the Designating Party. Frivolous challenges, and those made for an improper

21  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

22  parties) may expose the Challenging Party to sanctions. Unless the Designating

23  Party has waived or withdrawn the confidentiality designation, all parties shall

24  continue to afford the material in question the level of protection to which it is

25  entitled under the Producing Party's designation until the Court rules on the

26  challenge.

27        6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

28

STIPULATED PROTECTIVE ORDER

1       6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

2  disclosed or produced by another Party or by a Non-Party in connection with this

3  Action only for prosecuting, defending or attempting to settle this Action. This

4  Stipulated Protective Order is expressly intended to comply with Rule 1-500(A) of

5  the California Rules of Professional Conduct. Such Protected Material may be

6  disclosed only to the categories of persons and under the conditions described in

7  this Order. When the Action has been terminated, a Receiving Party must comply

8  with the provisions of section 12 below (FINAL DISPOSITION).

9       Protected Material must be stored and maintained by a Receiving Party at a

10  location and in a secure manner that ensures that access is limited to the persons

11  authorized under this Order.

12       6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

13  otherwise ordered by the court or permitted in writing by the Designating Party, a

14  Receiving Party may disclose any information or item designated

15  "CONFIDENTIAL" only to:

16       (a) the Receiving Party's Outside Counsel of Record in this Action, as well

17  as employees of said Outside Counsel of Record to whom it is reasonably

18  necessary to disclose the information for this Action;

19       (b) the officers, directors, and employees (including In-House Counsel) of

20  the Receiving Party to whom disclosure is reasonably necessary for this Action;

21       (c) Experts (as defined in this Order) of the Receiving Party to whom

22  disclosure is reasonably necessary for this Action and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (d) the court and its personnel;

25       (e) court reporters and their staff;

26       (f) professional jury or trial consultants, mock jurors, and Professional

27  Vendors (as defined in this Order) to whom disclosure is reasonably necessary for

28

STIPULATED PROTECTIVE ORDER

1  this Action and who have signed the "Acknowledgment and Agreement to Be

2  Bound" (Exhibit A);

3      (g) the author or recipient of a document containing the information or a

4  custodian or other person who otherwise possessed or knew the information;

5      (h) during their depositions, witnesses, and attorneys for witnesses, in the

6  Action to whom disclosure is reasonably necessary provided: (1) the deposing

7  party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

8  they will not be permitted to keep any confidential information unless they sign

9  the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

10  agreed by the Designating Party or ordered by the court. Pages of transcribed

11  deposition testimony or exhibits to depositions that reveal Protected Material may

12  be separately bound by the court reporter and may not be disclosed to anyone

13  except as permitted under this Stipulated Protective Order; and

14      (i) any mediator or settlement officer, and their supporting personnel,

15  mutually agreed upon by any of the parties engaged in settlement discussions.

16  7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

17  IN OTHER LITIGATION

18      If a Party is served with a subpoena or a court order issued in other

19  litigation that compels disclosure of any information or items designated in this

20  Action as "CONFIDENTIAL," that Party must:

21      (a) promptly notify in writing the Designating Party. Such notification shall

22  include a copy of the subpoena or court order;

23      (b) promptly notify in writing the party who caused the subpoena or order to

24  issue in the other litigation that some or all of the material covered by the

25  subpoena or order is subject to this Protective Order. Such notification shall

26  include a copy of this Stipulated Protective Order; and

27      (c) cooperate with respect to all reasonable procedures sought to be pursued

28  by the Designating Party whose Protected Material may be affected.

1    If the Designating Party timely seeks a protective order, the Party served

2    with the subpoena or court order shall not produce any information designated in

3    this action as "CONFIDENTIAL" before a determination by the court from which

4    the subpoena or order issued, unless the Party has obtained the Designating

5    Party's permission. The Designating Party shall bear the burden and expense of

6    seeking protection in that court of its confidential material and nothing in these

7    provisions should be construed as authorizing or encouraging a Receiving Party in

8    this Action to disobey a lawful directive from another court.

9    8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

10    PRODUCED IN THIS LITIGATION

11    (a) The terms of this Order are applicable to information produced by a

12    Non-Party in this Action and designated as "CONFIDENTIAL." Such information

13    produced by Non-Parties in connection with this litigation is protected by the

14    remedies and relief provided by this Order. Nothing in these provisions should be

15    construed as prohibiting a Non-Party from seeking additional protections.

16    (b) In the event that a Party is required, by a valid discovery request, to

17    produce a Non-Party's confidential information in its possession, and the Party is

18    subject to an agreement with the Non-Party not to produce the Non-Party's

19    confidential information, then the Party shall:

20    (1) promptly notify in writing the Requesting Party and the Non-Party that

21    some or all of the information requested is subject to a confidentiality agreement

22    with a Non-Party;

23    (2) promptly provide the Non-Party with a copy of the Stipulated Protective

24    Order in this Action, the relevant discovery request(s), and a reasonably specific

25    description of the information requested; and

26    (3) make the information requested available for inspection by the Non-

27    Party, if requested.

28

STIPULATED PROTECTIVE ORDER

1        (c) If the Non-Party fails to seek a protective order from this court within 14

2 days of receiving the notice and accompanying information, the Receiving Party

3 may produce the Non-Party's confidential information responsive to the discovery

4 request. If the Non-Party timely seeks a protective order, the Receiving Party shall

5 not produce any information in its possession or control that is subject to the

6 confidentiality agreement with the Non-Party before a determination by the court.

7        Absent a court order to the contrary, the Non-Party shall bear the burden

8 and expense of seeking protection in this court of its Protected Material.

9    9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

10        If a Receiving Party learns that, by inadvertence or otherwise, it has

11 disclosed Protected Material to any person or in any circumstance not authorized

12 under this Stipulated Protective Order, the Receiving Party must immediately (a)

13 notify in writing the Designating Party of the unauthorized disclosures, (b) use its

14 best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

15 the person or persons to whom unauthorized disclosures were made of all the

16 terms of this Order, and (d) request such person or persons to execute the

17 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

18 A.

19    10.<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

20 <u>PROTECTED MATERIAL</u>

21        Pursuant to FRE 502 (d) and (e), the parties agree to, and the Court orders

22 protection of privileged and otherwise Protected Material against claims of waiver

23 (including as against third parties and in other federal and state proceedings) as

24 follows:

25       (a)    The disclosure or production of documents by a Producing Party

26 subject to a legally recognized claim of privilege, including without limitation the

27 attorney-client privilege and the work-product doctrine, to a Receiving Party, shall

28 in no way constitute the voluntary disclosure of such Document, provided that the

1   requirements of Fed. R. Evid. 502(b)(1)-(3) are met;

2       (b)    The inadvertent disclosure or production of any document in this

3   action shall not result in the waiver of any privilege, evidentiary protection or

4   other protection associated with such document as to the Receiving Party or any

5   third parties, and shall not result in any waiver, including subject matter waiver, of

6   any kind, provided that the requirements of Fed. R. Evid. 502(b)(1)-(3) are met;

7       (c)    If, during the course of this litigation, a party determines that any

8   document produced by another party is or may reasonably be subject to a legally

9   recognizable privilege or evidentiary protection ("Protected Document"):

10           (i)    the Receiving Party shall: (A) refrain from reading the

11   Protected Document any more closely than is necessary to ascertain that it is

12   privileged or otherwise protected from disclosure;  (B) immediately notify the

13   Producing Party in writing that it has discovered documents believed to be

14   privileged or protected; (C) specifically identify the Protected Documents by bates

15   number range or hash value, and, (D) within ten (10) days of discovery by the

16   Receiving Party, return, sequester, or destroy all copies of such Protected

17   Documents, along with any notes, abstracts or compilations of the content

18   thereof.  To the extent that a Protected Document has been loaded into a litigation

19   review database under the control of the Receiving Party, the Receiving Party

20   shall have all electronic copies of the Protected Document extracted from the

21   database.  Where such Protected Documents cannot be destroyed or separated,

22   they shall not be reviewed, disclosed, or otherwise used by the Receiving

23   Party.  Notwithstanding, the Receiving Party is under no obligation to search or

24   review the Producing Party's documents to identify potentially privileged or work

25   product Protected Documents.

26           (ii)    If the Producing Party intends to assert a claim of privilege or

27   other protection over documents identified by the Receiving Party as Protected

28   Documents, the Producing Party will, within ten (10) days of receiving the

1  Receiving Party's written notification described above, inform the Receiving Party

2  of such intention in writing and shall provide the Receiving Party with a log for

3  such Protected Documents that is consistent with the requirements of the Federal

4  Rules of Civil Procedure, setting forth the basis for the claim of privilege or other

5  protection.  In the event that any portion of a Protected Document does not contain

6  privileged or protected information, the Producing Party shall also provide to the

7  Receiving Party a redacted copy of the document that omits the information that

8  the Producing Party believes is subject to a claim of privilege or other protection.

9       (d)    If, during the course of this litigation, a party determines it has

10  produced a Protected Document:

11            (i)    the Producing Party may notify the Receiving Party of such

12  inadvertent production in writing, and demand the return of such

13  documents.  Such notice shall be in writing, however, it may be delivered orally

14  on the record at a deposition, promptly followed up in writing.  The Producing

15  Party's written notice will identify the Protected Document inadvertently

16  produced by bates number range or hash value, the privilege or protection

17  claimed, and the basis for the assertion of the privilege and shall provide the

18  Receiving Party with a log for such Protected Documents that is consistent with

19  the requirements of the Federal Rules of Civil Procedure, setting forth the basis for

20  the claim of privilege or other protection.  In the event that any portion of the

21  Protected Document does not contain privileged or protected information, the

22  Producing Party shall also provide to the Receiving Party a redacted copy of the

23  Document that omits the information that the Producing Party believes is subject

24  to a claim of privilege or other protection.

25            (ii)    the Receiving Party must, within ten (10) days of receiving the

26  Producing Party's written notification described above, return, sequester, or

27  destroy the Protected Document and any copies, along with any notes, abstracts or

28  compilations of the content thereof.  To the extent that a Protected Document has

1   been loaded into a litigation review database under the control of the Receiving

2   Party, the Receiving Party shall have all electronic copies of the Protected

3   Document extracted from the database.

4        (e)    To the extent that the information contained in a Protected Document

5   has already been used in or described in other documents generated or maintained

6   by the Receiving Party prior to the date of receipt of written notice by the

7   Producing Party as set forth in paragraphs 11(c)(ii) and 11(d)(i), then the

8   Receiving Party shall sequester such documents until the claim has been

9   resolved. If the Receiving Party disclosed the Protected Document before being

10  notified of its inadvertent production, it must take reasonable steps to retrieve it.

11       (f)    The Receiving Party's return, sequestering or destruction of Protected

12  Documents as provided herein will not act as a waiver of the Requesting Party's

13  right to move for the production of the returned, sequestered or destroyed

14  documents on the grounds that the documents are not, in fact, subject to a viable

15  claim of privilege or protection. However, the Receiving Party is prohibited and

16  estopped from arguing that:

17          (i)    the disclosure or production of the Protected Documents acts

18  as a waiver of an applicable privilege or evidentiary protection;

19          (ii)    the disclosure of the Protected Documents was not inadvertent;

20          (iii)    the Producing Party did not take reasonable steps to prevent the

21  disclosure of the Protected Documents; or

22          (iv)    the Producing Party failed to take reasonable or timely steps to

23  rectify the error.

24       (g)    Either party may submit Protected Documents to the Court under seal

25  for a determination of the claim of privilege or other protection. The Producing

26  Party shall preserve the Protected Documents until such claim is resolved. The

27  Receiving Party may not use the Protected Documents for any purpose absent this

28  Court's Order.

STIPULATED PROTECTIVE ORDER

1    (h)    Upon a determination by the Court that the Protected Documents are

2    protected by the applicable privilege or evidentiary protection, and if the Protected

3    Documents have been sequestered rather than returned or destroyed by the

4    Receiving Party, the Protected Documents shall be returned or destroyed within 10

5    (ten) days of the Court's order.  The Court may also order the identification by the

6    Receiving Party of Protected Documents by search terms or other means.

7    (i)    Nothing contained herein is intended to, or shall serve to limit a

8    party's right to conduct a review of documents, data (including electronically

9    stored information) and other information, including without limitation, metadata,

10    for relevance, responsiveness or the segregation of privileged or protected

11    information before such information is produced to another party.

12    (j)    By operation of the parties' agreement and Court Order, the parties

13    are specifically afforded the protections of FRE 502 (d) and (e).

14    11.MISCELLANEOUS

15    11.1 Right to Further Relief. Nothing in this Order abridges the right of any

16    person to seek its modification by the Court in the future.

17    11.2 Right to Assert Other Objections. By stipulating to the entry of this

18    Protective Order, no Party waives any right it otherwise would have to object to

19    disclosing or producing any information or item on any ground not addressed in

20    this Stipulated Protective Order. Similarly, no Party waives any right to object on

21    any ground to use in evidence of any of the material covered by this Protective

22    Order.

23    11.3 Filing Protected Material. A Party that seeks to file under seal any

24    Protected Material must comply with Local Civil Rule 79-5. Protected Material

25    may only be filed under seal pursuant to a court order authorizing the sealing of

26    the specific Protected Material at issue. If a Party's request to file Protected

27    Material under seal is denied by the court, then the Receiving Party may file the

28    information in the public record unless otherwise instructed by the court.

1    12.<u>FINAL DISPOSITION</u>

2       After the final disposition of this Action, as defined in paragraph 4, within

3    60 days of a written request by the Designating Party, each Receiving Party must

4    return all Protected Material to the Producing Party or destroy such material. As

5    used in this subdivision, "all Protected Material" includes all copies, abstracts,

6    compilations, summaries, and any other format reproducing or capturing any of

7    the Protected Material. Whether the Protected Material is returned or destroyed,

8    the Receiving Party must submit a written certification to the Producing Party

9    (and, if not the same person or entity, to the Designating Party) by the 60 day

10    deadline that (1) identifies (by category, where appropriate) all the Protected

11    Material that was returned or destroyed and (2) affirms that the Receiving Party

12    has not retained any copies, abstracts, compilations, summaries or any other

13    format reproducing or capturing any of the Protected Material. Notwithstanding

14    this provision, Counsel are entitled to retain an archival copy of all pleadings,

15    motion papers, trial, deposition, and hearing transcripts, legal memoranda,

16    correspondence, deposition and trial exhibits, expert reports, attorney work

17    product, and consultant and expert work product, even if such materials contain

18    Protected Material. Any such archival copies that contain or constitute Protected

19    Material remain subject to this Protective Order as set forth in Section 4

20    (DURATION).

21    13.<u>VIOLATION</u>

22       Any violation of this Order may be punished by appropriate measures

23    including, without limitation, contempt proceedings and/or monetary sanctions.

24    ///

25    ///

26    ///

27    ///

28    ///

STIPULATED PROTECTIVE ORDER

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    Dated: August 24, 2017                    Capstone Law APC

4
                                               By:
5                                              Matthew T. Theriault
                                               Robert J. Drexler, Jr.
6                                              Jonathan Lee
                                               Natalie Torbati
7
                                               Attorneys for Plaintiff Kia Davidson
8

9

10   Dated: August 24, 2017                    Higgs Fletcher & Mack LLP

11
                                               By:
12                                             James M. Peterson
                                               Jason C. Ross
13                                             Kyle W. Nageotte

14                                             Attorneys for Defendant O'Reilly Auto
                                               Enterprises, LLC
15

16   Dated: 9.5.2017

17                                             ~~Hon. R. Gary Klausner~~ Andrew J. Wistrich
                                               Magistrate ~~District~~ Court Judge
18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name], of _____

4    _____ [print or type full address], declare under penalty of perjury

5    that I have read in its entirety and understand the Stipulated Protective Order that

6    was issued by the United States District Court for the Central District of California

7    in the case of *Davidson v. O'Reilly Auto Enterprises, LLC*, Case No. 5:17-cv-

8    00603-RGK-AJW. I agree to comply with and to be bound by all the terms of this

9    Stipulated Protective Order and I understand and acknowledge that failure to so

10   comply could expose me to sanctions and punishment in the nature of contempt. I

11   solemnly promise that I will not disclose in any manner any information or item

12   that is subject to this Stipulated Protective Order to any person or entity except in

13   strict compliance with the provisions of this Order. I further agree to submit to the

14   jurisdiction of the United States District Court for the Central District of

15   California for enforcing the terms of this Stipulated Protective Order, even if such

16   enforcement proceedings occur after termination of this action. I hereby appoint

17   _____ [print or type full name] of

18   _____ [print or type full address and

19   telephone number] as my California agent for service of process in connection

20   with this action or any proceedings related to enforcement of this Stipulated

21   Protective Order.

22   Date: _____

23   City and State where sworn and signed: _____

24   Printed name: _____

25

26   Signature: _____

27

28

STIPULATED PROTECTIVE ORDER